IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40309
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BRYAN SPRATT,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CV-216
- - - - - - - - - -

November 9, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

David Bryan Spratt, federal prisoner # 04999-078, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. On September 9, 1997, this court granted COA on the issue "whether counsel was ineffective in advising Spratt to stipulate to a quantity of 137 marijuana plants without investigating whether fewer than 100 of them had `roots, a root ball, or root hairs' to qualify as `plants' under the sentencing guidelines." Spratt argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his counsel's performance was deficient in failing to argue that some of the marijuana cuttings did not constitute "plants" because they did not have roots, a root ball, or root hairs. Spratt also argues that he was prejudiced by his counsel's error because his counsel's stipulation that there were over 100 plants caused him to be subject to a five-year mandatory minimum sentence under 18 U.S.C. § 841(b)(10(B)(vii). He contends that but for his counsel's error, he would have received a significantly less harsh sentence. Spratt did not present any evidence in the district court which established that some of the marijuana did not have roots, a root ball, or root hairs and thus did not constitute "plants" under § 2D1.1. There is only speculation that some of marijuana did not constitute "plants" under § 2D1.1. Therefore, Spratt has not demonstrated that he was prejudiced by his counsel's alleged error in stipulating to the number of marijuana plants.

Spratt has filed a motion to remand the case to the district court for an evidentiary hearing on this issue. Spratt has not shown that an evidentiary hearing would add any additional evidence to the record to support his claim as the marijuana has been destroyed. Therefore, Spratt's motion to remand the case for an evidentiary hearing is DENIED.

AFFIRMED; MOTION TO REMAND CASE FOR EVIDENTIARY HEARING DENIED.